UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAVID DROS

                      Plaintiff,                   **COMPLAINT AND**
                                                                         **JURY TRIAL DEMAND**

v.

TOWN OF CHEEKTOWAGA,
THOMAS LABELLE, individually and in his
capacity as a police officer for the Town of Cheektowaga,
DANIEL ALBRECHT, individually and in his
capacity as a police officer for the Town of Cheektowaga,
OFFICER FILIPSKI, individually and in his
capacity as a police officer for the Town of Cheektowaga,
ERIC CORCORAN, individually and in his
capacity as a police officer for the Town of Cheektowaga, and
ERIC DERBY, individually and in his
capacity as a police officer for the Town of Cheektowaga,
JOHN DOE, individually and in his
capacity as a police officer for the Town of Cheektowaga,

                      Defendants.
_____

Plaintiff, DAVID DROS, by and through his attorneys at GOMEZ & BECKER, LLP, as and for his Complaint against Defendants Town of Cheektowaga, Daniel Albrecht, Anthony Filipski, Eric Corcoran, and Eric Derby, and John Doe, alleges upon information and belief, and at all times hereinafter mentioned, as follows:

## INTRODUCTION

1. This is an action for declaratory judgment, injunctive relief, monetary damages, attorney's fees and costs, for violations of Plaintiff David Dros's constitutional rights, brought pursuant to 42 U.S.C. §§ 1983, 1985, and 1988. Plaintiff alleges that the Defendants, while acting in their official capacities and under color of State law, used excessive force against Plaintiff while effectuating an arrest, in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

1

## JURISDICTION

2. This action arises under 42 U.S.C. § 1983 and accordingly, this Court has original subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343.

3. The causes of action alleged herein arise from the factual allegations which occurred in this judicial district. Upon information and belief, all parties are domiciled within the Western District of New York and therefore, this Court has personal jurisdiction over the Defendants.

## VENUE

4. Venue of this action is established in the Western District of New York pursuant to 28 U.S.C. §1391 (b) and (c) based on the residence of Plaintiff and the location of the acts and omissions giving rise to these claims having occurred in the Western District of New York.

## PARTIES

5. Plaintiff, DAVID DROS ("Plaintiff") was and is a resident of the County of Erie and State of New York.

6. Defendant, TOWN OF CHEEKTOWAGA (hereinafter referred to as "Defendant Town"), was, and is, a municipal entity duly organized and existing under the laws of the State of New York, with an office and principal place of business in the County of Erie.

7. Defendant THOMAS LABELLE, (hereinafter "Defendant Labelle"), was, and is, a resident of the County of Erie and State of New York, and a police officer employed with Defendant Town.

8. Defendant DANIEL ALBRECHT, (hereinafter "Defendant Albrecht") was, and is, a resident of the County of Erie and State of New York, and a police officer employed with Defendant Town.

9. Defendant OFFICER FILIPSKI, (hereinafter "Defendant Filipski") was, and is, a resident of the County of Erie and State of New York, and a police officer employed with Defendant Town.

10. Defendant ERIC CORCORAN, (hereinafter "Defendant Corcoran") was, and is, a resident of the County of Erie and State of New York, and a police officer employed with Defendant Town.

11. Defendant ERIC DERBY, (hereinafter "Defendant Derby) was, and is, a resident of the County of Erie and State of New York, and a police officer employed with Defendant Town.

12. Defendant JOHN DOE, (hereinafter "Defendant DOE") was, and is, a resident of the County of Erie and State of New York, and a police officer employed with Defendant Town.

13. At all times relevant to this Complaint, Defendants Labelle, Albrecht, Filipski, Corcoran, Debry, and Doe were acting under color of law and are sued in their individual capacity and in their official capacity as police officers for the Defendant Town.

## FACTUAL BACKGROUND

14. On or around October 12, 2016, Plaintiff's girlfriend called 911 as a result of a mental health episode Plaintiff was undergoing.

15. Defendants responded to the 911 call and arrived at Plaintiff's home located at 215 Farmingdale Road in Cheektowaga, New York.

16. After arriving at Plaintiff's home, Defendants attempted to effectuate an arrest of Plaintiff, and while doing so, did assault Plaintiff, causing Plaintiff to sustain severe personal injuries.

17. Defendants' use of force in attempting to effectuate the arrest of Plaintiff was excessive, unreasonable, and unjustified.

3

18. As a direct and proximate result of the intentional and/or negligent acts of the Defendants, Plaintiff has suffered and continues to suffer serious physical and mental injuries and anguish and pain and suffering and other damages in an amount that will be established at trial.

19. Plaintiff is entitled to compensation for the constitutional harms and injuries that Defendants have inflicted upon him.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF 42 U.S.C. SECTION 1983 BY ALL DEFENDANTS FOR USE OF EXCESSIVE USE OF FORCE AGAINST PLAINTIFF'S PERSON

20. Plaintiff repeats and realleges the allegations of paragraphs "1" through "18" of the Complaint as if set forth herein.

21. Defendants abused their authority, under the color of state law, to deprive Plaintiff of his civil and constitutional rights.

22. Defendants' assault of Plaintiff was excessive, unreasonable, intentional, willful, malicious, with a deliberate indifference and/or with a reckless disregard for the natural and probable consequences of their acts, was done without lawful justification or reason, and was designed to and did cause specific and serious physical and emotional pain and suffering.

23. Defendants' conduct was an excessive use of force which a reasonable officer in their position would not have used under the circumstances.

24. Defendants deprived Plaintiff of his rights guaranteed under 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution, including the right to be free from the use of excessive, unreasonable, and unjustified force.

25. Defendants, officially and/or individually, while acting under the color of state law, engaged in conduct which is forbidden and unlawful under the Constitution of the United States of America.

26. Defendants knew, or should have known, the actions taken against Plaintiff violated his civil and constitutional rights.

27. As a result of Defendants' willful violation of Plaintiff's civil and constitutional rights, and pursuant to 42 U.S.C §1983 and 1988, these Defendants must be ordered to pay compensatory and punitive damages, together with attorneys' fees and the costs of the instant action, all of which entitles Plaintiff to damages in excess of the jurisdictional limits of all lower Courts.

## COUNT II
### VIOLATION OF 42 U.S.C. SECTION 1983
### BY DEFENDANT TOWN FOR SUPERVISORY LIABILITY
### DUE TO NEGLIGENT POLICIES, CUSTOMS AND PRACTICES

28. Plaintiff repeats and realleges the allegations of paragraphs "1" through "26" of the Complaint as if set forth herein.

29. Defendant Town while acting under the color of state law, engaged in conduct that constituted customs, usages, practices, procedures or rules, maintained by the Defendant Town, which are forbidden and unlawful under the Constitution of the United States of America.

30. By the actions described in paragraphs 1 through 26 above, Defendant Town has demonstrated a policy, ordinance, custom, regulation, and/or decision of deliberate indifference to the rights to its citizens by: failing to adequately train its police officers regarding the proper methods for the use of force, arrest procedures and refraining from participating in conspiracies to violate constitutional rights; promoting and tolerating a custom and policy in which officers violate

the constitutional rights of citizens through excessive force; failing to suspend, terminate or take disciplinary action against officers who violate rights of citizens by using excessive force; and failing to adequately supervise officers and retaining officers who are prone to using excessive force.

31. Defendant Town knew, or should have known, of the foregoing custom, policies, usages, practices, procedure or rules, which deprived Plaintiff of his civil and constitutional rights.

32. Defendant Town knew, or should have known, of the foregoing custom, policies, usages, practices, procedure or rules, which deprived Plaintiff of his civil and constitutional rights were a part of a pattern of civil and constitutional rights violations by Defendants.

33. The foregoing customs, policies, usages, practices, procedures or rules of Defendant Town were a direct and proximate cause of the constitutional violations against Plaintiff.

34. Defendant Town, while acting under the color of state law, actively violated Plaintiff's constitutional rights, including, but not limited to, the right to be free from the excessive use of force.

35. Defendant Town, or should have known, the actions taken against Plaintiff violated his civil and constitutional rights.

36. As a result of Defendants' willful violations of Plaintiff's civil and constitutional rights, and pursuant to 42 U.S.C. §§ 1983 and 1988, Defendants must be ordered to pay compensatory and punitive damages, together with attorneys' fees and costs of this action, all of which entitles Plaintiff to damages in excess of the jurisdictional limits of all lower Courts.

## COUNT III
## VIOLATION OF 42 U.S.C. SECTION 1983 BY DEFENDANT TOWN
## FOR NEGLIGENT HIRING, TRAINING, AND SUPERVISION

37. Plaintiff repeats and realleges the allegations of paragraphs "1" through "35" of the Complaint as if set forth herein.

38. Defendant Town, selected, hired, trained, supervised and retained all members of its police department, including, but not limited to the individually named officers herein.

39. Defendant Town was negligent when it selected, hired, trained, supervised and retained the individually named officers herein as members of the Town of Cheektowaga Police Department, which resulted in the violation of Plaintiff's civil and constitutional rights.

40. As a result of Defendant Town's negligence, Plaintiff has suffered damages in excess of the jurisdictional limits of all lower Courts.

41. A jury trial is hereby demanded of all issues.

**WHEREFORE,** Plaintiff, DAVID DROS, respectfully requests the Court grant Judgment against Defendants, for all damages properly recoverable under the law, including, but not limited to, compensatory damages, punitive damages, and attorneys' fees and costs under 42 U.S.C. §§ 1983 and 1988, and such other and further relief which to this Court may seem just and proper.

Dated: October 8, 2019
      Buffalo, New York

      Yours etc.,

      S/ RAFAEL O. GOMEZ

      Rafael O. Gomez, Esq.
      **GOMEZ & BECKER, LLP**
      2746 Delaware Avenue
      The Eberhardt Mansion
      Buffalo, New York 14217
      (716) 873-0333
      rgomez@gomezbecker.com